431 A.2d 260

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael STAPINSKI, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 5, 1981.

Decided July 2, 1981.

John H. Corbett, Jr., Chief, Appellate Div., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Dara A. DeCourcy, Asst. Dist. Atty., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFMANN and WILKINSON, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Appellant was tried before a jury for the beating death of a young Pittsburgh woman, found guilty of voluntary manslaughter, and sentenced to undergo incarceration for a term of not less than five years nor more than ten years. Appellant then brought this direct appeal in which he raises three issues: 1) the suppression court erred in finding that appellant's consent to a search of his residence was freely, specifically, unequivocally, and voluntarily given, see *Commonwealth v. Mamon*, 449 Pa. 249, 297 A.2d 471 (1972); 2) the trial court erred in not sustaining his demurrer on the grounds that the Commonwealth failed to prove the identity (i. e., name) of the victim; and 3) the evidence is insufficient to support the conviction because it was not proven beyond a reasonable doubt that appellant perpetrated the crime.

We have reviewed the record and find these contentions to be without merit. First, there was ample evidence to support the suppression court's finding that appellant freely, specifically, unequivocally, and voluntarily consented to a search of his residence, and that finding will not, therefore, be disturbed on appeal. *Commonwealth v. Johnson*, 467 Pa. 146, 152, 354 A.2d 886, 889 (1976). Second, appellant's contention that the Commonwealth failed to prove the name and identity of the victim is not supported by the record; nor is appellant's assertion that the victim's name is an essential part of the Commonwealth's case supported by the law. And, finally, the circumstantial evidence considered as a whole, including the fact that appellant's footprints were found in the victim's blood and blood consistent with the victim's was found on appellant's clothing, forms a sufficient basis for the jury's conclusion that appellant perpetrated the crime. *See Commonwealth v. Long*, 470 Pa. 204, 368 A.2d 265 (1977), and *Commonwealth v. Dawson*, 464 Pa. 254, 346 A.2d 545 (1975).

Accordingly, the judgment of sentence is affirmed.